**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Civil Action No. 5:10-cr-00028-4 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **RAUL TRONCO-RAMIREZ,** | ) | By: Hon. Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

Raul Tronco-Ramirez, a federal inmate proceeding pro se, filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. Petitioner argues he received ineffective assistance of counsel, in violation of the Sixth Amendment of the United States Constitution. The United States filed a motion to dismiss, and the petitioner has responded, making the matter ripe for disposition. After reviewing the record, the court dismisses the § 2255 motion because petitioner is not entitled to relief.

**I.**

A grand jury sitting in the Western District of Virginia charged petitioner with four offenses: (1) conspiring to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 846 ("Count One"); (2) possessing with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841 ("Count Two"); (3) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Three"); and (4) possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) ("Count Four"). Conviction of just three of the four counts would cause petitioner to serve a minimum of forty years' incarceration: Count One carried a ten-year mandatory minimum sentence, Count Three carried a consecutive five-year mandatory minimum sentence, and Count Four carried a consecutive twenty-five year mandatory minimum sentence.

Petitioner avoided Count Four's consecutive twenty-five year mandatory minimum by pleading guilty to Counts One, Two, and Three, pursuant to a written plea agreement under Rule 11(c)(1)(C), Fed. R. Crim. P. The United States would have proven at trial that petitioner actively participated in a conspiracy to distribute methamphetamine, which petitioner stored at his residence prior to distribution. Police recovered a .22 caliber revolver, a .38 pistol, ammunition, approximately $3,000, and more than 12 ounces of methamphetamine, of which more than 100 grams was pure or "actual" methamphetamine, from petitioner's bedroom. Petitioner told police officers that he purchased the .22 caliber revolver with methamphetamine. Based on petitioner's colloquy and the United States' proffer, the court accepted petitioner's guilty pleas and imposed the 300-month term of imprisonment that petitioner and the United States agreed upon.

Petitioner appealed, and petitioner's counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that he could not find any meritorious issues to appeal but questioned whether the court erred by accepting the plea agreement, by not imposing a sentence below the advisory guideline range, and by not applying the safety-valve provision of 18 U.S.C. § 3553(f). Petitioner filed a <u>pro se</u> informal brief, arguing that the 300-month sentence was unreasonable. The Court of Appeals affirmed the conviction because this court properly conducted the guilty plea colloquy and properly determined petitioner knowingly and voluntarily pleaded guilty pursuant to a written plea agreement that included a waiver of appellate rights. <u>United States v. Tronco-Ramirez</u>, No. 11-5215, slip op. at 3-6 (4th Cir. July 27, 2012).

Petitioner timely filed the instant motion, arguing that counsel rendered ineffective assistance in three ways. First, counsel was ineffective during the sentencing hearing. Second, counsel was ineffective for not forcing the United States to agree to a sentence in the applicable

United States Sentencing Guideline ("USSG") range of 108 to 135 months' incarceration. Third, counsel was ineffective on appeal for filing an Anders brief despite the existence of meritorious appellate issues. The United States requests dismissal, arguing petitioner failed to establish that counsel rendered ineffective assistance.

## II.

Courts and the public can presume that a defendant stands fairly and finally convicted after conviction and exhaustion, or waiver, of any right to appeal. See United States v. Frady, 456 U.S. 152, 164 (1982). Nonetheless, federal convicts in custody may attack the validity of their federal sentences via a motion pursuant to 28 U.S.C. § 2255, addressing jurisdictional errors, constitutional violations, proceedings that resulted in a complete miscarriage of justice, or events that were inconsistent with the rudimentary demands of fair procedure. United States v. Timmreck, 441 U.S. 780, 784 (1979). A petitioner seeking relief under § 2255 must prove that: (1) the sentence violated the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence imposed exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A petitioner claiming ineffective assistance of counsel in violation of the Sixth Amendment must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). The first prong of Strickland requires a petitioner to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness.[1] Strickland, 466 U.S. at 687-88. The second prong of Strickland requires a

---

[1] "[A]n attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998). Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" Strickland, 466 U.S. at 689. "Judicial scrutiny of counsel's performance must be highly deferential[,]" and "every

petitioner to show that counsel's deficient performance prejudiced him by demonstrating a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. A petitioner who had pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Strickland, 466 U.S. at 694.

Petitioner cannot establish prejudice from the decision to plead guilty to Counts One, Two, and Three and be guaranteed to receive a 300-month sentence instead of going to trial and being exposed to the risk of at least 480 months' incarceration. Furthermore, petitioner does not describe counsel's deficient performance in any claim.

Petitioner first alleges that counsel was ineffective during the sentencing hearing for several reasons. Petitioner alleges counsel should have argued that the evidence was insufficient to find petitioner guilty of using or carrying the two firearms in furtherance of a drug trafficking crime because he merely traded "two firearms for drugs." Petitioner also alleges counsel should have argued that petitioner was due a downward departure because he is a deportable alien and was heavily dependent on drugs. Finally, petitioner alleges counsel should not have waived all of petitioner's rights by signing the plea agreement.

Counsel was not deficient for challenging the sufficiency of the evidence. Law enforcement officers recovered two firearms, ammunition, approximately $3,000, and twelve ounces of methamphetamine from petitioner's bedroom. Petitioner admitted to police that he traded methamphetamine to receive the .22 caliber revolver, and trading drugs for guns

---

effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. "[E]ffective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978).

constitutes possession in furtherance within the meaning of 18 U.S.C. § 924(c). See, e.g., United States v. Robinson, 627 F.3d 941, 954 (4th Cir. 2010). Furthermore, the evidence established a sufficient nexus between hiding methamphetamine in petitioner's bedroom where he also could easily retrieve the firearms. See United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (noting factors to conclude the requisite nexus existed between a firearm and drug offense include the type of drug activity, accessibility and type of firearm, whether the firearm is loaded, its proximity to drugs or drug profits, and the time and circumstances under which the gun is found).

Any argument counsel could have made about a downward departure would not have made any difference on the ultimate sentence. Petitioner knowingly and voluntarily offered his guilty pleas for a specific sentence of 300 months, pursuant to Rule 11(c)(1)(C). The court explained this fact to petitioner numerous times during the plea colloquy, and each time petitioner acknowledged that he understood the court could not vary from the agreed-upon sentence of 300 months if the court accepted petitioner's guilty pleas pursuant to the written plea agreement.[2] Petitioner cannot establish deficient performance merely because counsel did not request a deviation from the 300-month sentence already fixed by the written plea agreement.

Petitioner also cannot blame counsel for waiving petitioner's rights. Both the court and the Court of Appeals determined petitioner knowingly and voluntarily forfeited the rights to, inter alia, a jury trial, confront adverse witnesses, compel testimony in his defense, and appeal. Petitioner acknowledged while under oath that no one coerced or induced him to plead guilty,

---

[2] In one example, the court re-explained the 300-month sentence petitioner would receive by pleading guilty, and petitioner replied, "I want to proceed [with pleading guilty]. I mean, what I was trying to say is only if you could show some consideration towards me regarding those charges." The court again reiterated, "[T]his plea agreement is governed by Rule 11(c)(1)(C) . . . and it is a plea agreement in which you and the United States agree that if I accept the plea agreement, you will be sentenced to [300 months] in the federal penitentiary and I, based on the terms of the plea agreement, I don't have the ability to change that. . . . Do you understand that?" Again, petitioner affirmed that he understood and he wanted to continue to plead guilty pursuant to the written plea agreement.

and petitioner is solely responsible for the decision to waive his rights and plead guilty. Accordingly, petitioner's first claim must be dismissed.

For the second claim, petitioner fails to describe counsel's deficient performance for not forcing the United States to agree to a sentence within a USSG range of 108 to 135 months' incarceration. Faced with a 480-month mandatory minimum sentence for all four counts, counsel successfully negotiated a 300-month sentence. Petitioner cannot establish any basis by which counsel could have forced the United States to agree to a sentence between 108 and 135 months, and his second claim must be dismissed.

For the third claim, petitioner cannot establish counsel was ineffective for filing an Anders brief with the Court of Appeals because, in fact, there were no meritorious issues to appeal.[3] See United States v. Tronco-Ramirez, supra, at 6 ("In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal."). Accordingly, petitioner fails to establish deficient performance on appeal, and petitioner's third claim must be dismissed.

**III.**

For the foregoing reasons, the court dismisses petitioner's § 2255 motion because petitioner is not entitled to relief. Based upon the court's finding that petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

---

[3] Petitioner argues that counsel should have argued (1) that petitioner did not possess a firearm in furtherance of a drug trafficking crime; (2) petitioner's Sixth Amendment Confrontation Clause rights were somehow violated by the firearm charges; (3) petitioner's 300-month sentence was improper because the 300-month sentence was an "enhancement" from his purported guideline range of 108-135 months; and (4) it was not proper for counsel to represent him during the appeal. Petitioner had the opportunity to present these claims in his pro se informal brief but failed to do so. Consequently, these issues are procedurally defaulted, and petitioner does not establish cause or prejudice to consider these claims, which are meritless nonetheless. See Bousley v. United States, 523 U.S. 614, 622 (1998) (describing procedural default of claims raised on collateral review that could have been raised on direct review).

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for the United States.

Entered: May 21, 2013

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge